**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

RACHEL STEVENS,

           Plaintiff,

v.

NELSON WATSON & ASSOCIATES, LLC, a Massachusetts limited liability company, and,
LVNV FUNDING, LLC, a Delaware limited liability company,

           Defendants.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    Defendant Nelson Watson & Associates, LLC transacts business in this Judicial District.

7.    Defendant LVNV Funding, LLC transacts business in this Judicial District.

## PARTIES

8.    Plaintiff, Rachel Stevens, is a natural person.

9.    The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

10.   The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11.   Defendant Nelson Watson & Associates, LLC (hereinafter: "NWA") is a Massachusetts limited liability company operating from an address at 80 Merrimack Street, Lower Level, Haverhill, Massachusetts, 01830.

12.   NWA's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 3025 S. Parker Road, Suite 711, Aurora, Colorado 80014.

13.   NWA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   NWA is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of NWA is the collection of debts using the mails and telephone.

16.   NWA regularly attempts to collect debts alleged to be due another.

17.   NWA regularly attempts to collect debts alleged to be due another in the state of Colorado.

18.   Defendant LVNV Funding, LLC (hereinafter: "LVNV") is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada, 89119.

19.   LVNV's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

20. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. LVNV is licensed as a collection agency by the state of Colorado.

22. The principal purpose of LVNV is the collection of debts using the mails and telephone.

23. LVNV regularly attempts to collect debts alleged to be due another.

24. LVNV regularly attempts to collect debts alleged to be due another in the state of Colorado.

## FACTUAL ALLEGATIONS

25. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Capital One (hereinafter the "Account").

26. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. The Account went into default with the original creditor.

28. LVNV is the business of purchasing delinquent consumer accounts, typically paying no more than five cents on the dollar.

29. LVNV then collects the accounts or hires other entities to collect the accounts.

30. LVNV claims to have purchased the Account.

31. LVNV paid less than five cents on the dollar for the Account.

32. LVNV hired NWA to collect the Account.

33. LVNV placed or otherwise transferred the Account to NWA for collection from the Plaintiff.

34.     LVNV was acting as a debt collector as to the Account it attempted to collect from the Plaintiff through its agent, NWA.

35.     The Account was sent from LVNV to NWA on or about February 2010.

36.     The Account was received by NWA on or about February 2010.

37.     The Plaintiff disputes the Account.

38.     The Plaintiff requests that the Defendants cease all further communication on the Account.

39.     In the year prior to the filing of the instant action the Plaintiff received telephone call(s) and voicemail message(s) from the Defendants and / or representatives, employees and / or agents of NWA.

40.     The purpose of these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

41.     The Plaintiff called NWA in response to the telephone call(s) and voicemail message(s).

42.     The telephone call(s) and voicemail message(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

43.     The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

44.     The voicemail message(s) constituted a "communication" as defined by FDCPA § 1692a(2).

45.     The only reason that NWA and / or representatives, employees and / or agents of NWA made telephone call(s) to the Plaintiff was to attempt to collect the Account.

46.     The only reason that NWA and / or representatives, employees and / or agents of NWA had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

47.     The only reason that NWA and / or representatives, employees and / or agents of NWA received telephone call(s) from the Plaintiff was to attempt to collect the Account.

48.     The only reason that NWA and / or representatives, employees and / or agents of NWA left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

49.     During the communication(s) NWA and / or representative(s), employee(s) and / or agent(s) of NWA attempting to collect the Account represented to the Plaintiff that she had to have a reason to dispute the Account.

50.     The representation stated in paragraph 49 was false and was a false representation in connection with the collection of a debt, the Account.

51.     During the communication(s) NWA and / or a representative, employee and / or agent of NWA attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get it off her credit report.

52.     The representation stated in paragraph 51 was false and was a false representation in connection with the collection of a debt, the Account.

53.     During the communication(s) NWA and / or a representative, employee and / or agent of NWA attempting to collect the Account represented to the Plaintiff that the Account is undisputable and that she could not dispute the Account now.

54.     The representations stated in paragraph 53 were false and were false representations in connection with the collection of a debt, the Account.

55.     During the communication(s) NWA and / or a representative, employee and / or agent of NWA attempting to collect the Account represented to the Plaintiff that they were taking her to Court.

56.     The representation stated in paragraph 55 was false and was a false representation in connection with the collection of a debt, the Account.

57.     The Defendant did not have the authority to take legal action against the Plaintiff at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

58.     The Defendant did not intend to take legal action against the Plaintiff at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

59.     During the communication(s) NWA and / or a representative, employee and / or agent of NWA attempting to collect the Account represented to the Plaintiff that they were taking a Judgment against her.

60.     The representation stated in paragraph 59 was false and was a false representation in connection with the collection of a debt, the Account.

61.     The Defendant did not have the authority to take a Judgment against the Plaintiff at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

62.  The Defendant did not intend to take a Judgment against the Plaintiff at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

63.  During the communication(s) NWA and / or a representative, employee and / or agent of NWA attempting to collect the Account represented to the Plaintiff that they would garnish her wages.

64.  The representation stated in paragraph 63 was false and was a false representation in connection with the collection of a debt, the Account.

65.  The Defendant did not have the authority to garnish the Plaintiff's wages at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

66.  The Defendant did not intend to garnish the Plaintiff's wages at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

67.  In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff that did not contain the language required by 1692e(11).

68.  On or about April 22, 2010 at or around 12:54 pm Mountain Standard Time the Defendant and / or a representative, employee and / or agent of Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

69.    The voicemail message stated: "Rachel, this is Ashley calling with the office of Nelson Watson & Associates. I need a call back from you no later than 5 pm. The number you can reach me at here is 800-870-6122. My extension is 2011. When calling in please refer to reference number RE-G376888. Again, I will be in my office today until 5 pm."

70.    1-800-870-6122 is one of the Defendant's telephone numbers.

71.    The voicemail message was an attempt to collect the Account.

72.    The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

73.    The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

74.    The voicemail message does not state that the communication is from a debt collector.

75.    FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

76.    The recording device used by the Plaintiff was capable of taping the voicemail message.

77.    The Plaintiff was competent to operate the recording device.

78.    The recording device used by Plaintiff was capable of taping the voicemail message.

79.    The operator of the recording device used by the Plaintiff was competent to operate it.

80.     The recording of the voicemail message is authentic and correct.

81.     Changes, additions, or deletions have not been made to the voicemail message.

82.     The voicemail message recording has been preserved in a manner that will be shown to the Court.

83.     The speaker in the voicemail message has been identified as a representative, employee and / or agent of the Defendant.

84.     The voicemail message was made voluntarily without any kind of inducement.

85.     The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and the unknown collector at the Defendant.

86.     The voicemail message is a business record of the Defendant.

87.     The Defendant possesses a copy of this voicemail message.

88.     NWA kept written documentation and / or computer note(s) that document that its representative(s), employee(s) and / or agent(s) had telephone conversations with the Plaintiff on the Account in the year prior to the filing of the instant action.

89.     The Defendant recorded the telephone calls with the Plaintiff.

90.     The Defendant has a copy of the recordings of the telephone calls with the Plaintiff and voicemail messages left for the Plaintiff on the Account.

91.     The statements and actions were undertaken by the Defendants and NWA's representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

92.     The Defendants and NWA's representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

93.     The Defendants and NWA's representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(8), e(10) and e(11).

94.     The Defendants and NWA's representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

95.     The Defendants' statements and actions as well as that of NWA's representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

96.     The Defendants' statements and actions as well as that of NWA's representatives, employees and / or agents were willful and intentional violations of the FDCPA.

97.     LVNV has derivative liability for the acts and omissions of NWA and the representatives, employees and / or agents of NWA.

98.     As a consequence of the Defendants' collection activities and communications, the Plaintiff has sustained actual damages.

**<u>RESPONDEAT SUPERIOR</u>**

99.   The representative(s) and / or collector(s) at NWA were employees of NWA at all times mentioned herein.

100.  The representative(s) and / or collector(s) at NWA were agents of NWA at all times mentioned herein.

101.  The representative(s) and / or collector(s) at NWA were acting within the course of their employment at all times mentioned herein.

102.  The representative(s) and / or collector(s) at NWA were acting within the scope of their employment at all times mentioned herein.

103.  The representative(s) and / or collector(s) at NWA were under the direct supervision of NWA at all times mentioned herein.

104.  The representative(s) and / or collector(s) at NWA were under the direct control of NWA at all times mentioned herein.

105.  The actions of the representative(s) and / or collector(s) at NWA are imputed to their employer, NWA.

106.  As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## RESPONDEAT SUPERIOR

107.  The representative(s) and / or collector(s) at NWA were representatives of LVNV at all times mentioned herein.

108.  NWA and its representative(s), employee(s) and / or collector(s) were agents of LVNV at all times mentioned herein.

109.    LVNV's representative(s) and / or collector(s) including NWA were acting within the course of their employment with LVNV at all times mentioned herein.

110.    LVNV's representative(s) and / or collector(s) including NWA were acting within the scope of their employment with LVNV at all times mentioned herein.

111.    LVNV's representative(s) and / or collector(s) including NWA were under the direct supervision of LVNV at all times mentioned herein.

112.    LVNV's representative(s) and / or collector(s) including NWA were under the direct control of LVNV at all times mentioned herein.

113.    The actions of LVNV's representative(s) and / or collector(s) including NWA are imputed to their employer, LVNV.

114.    As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

115.    The previous paragraphs are incorporated into this Count as if set forth in full.

116.    The acts and omissions of the Defendants and NWA's representative(s), employee(s) and / or agent(s) constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(4), e(5), e(8), e(10), e(11) and § 1692f preface.

117.    The Defendants' violations are multiple, willful and intentional.

118.    Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.     Actual damages under 15 U.S.C. § 1692k(a)(1).

2.     Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff